IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Michael F. Curtin and Vivien G. Johnson, Personal Representatives of the Estate of Eleanor Close Barzin, Deceased,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>　　　　　　Defendant. | Case No. 1:09-cv-00109-LSM |

AMENDED COMPLAINT

[Identifying Numbers Redacted]

1.　　Plaintiffs Vivien G. Johnson and Michael F. Curtin are Personal Representatives of the U.S. estate of Eleanor Close Barzin ("Mrs. Barzin"), an estate being administered in the District of Columbia (the "Estate"). The Estate's employer identification number is  REDACTED . Plaintiffs were appointed Personal Representatives of the Estate by an Abbreviated Probate Order dated February 12, 2009, which was amended by an Amended Abbreviated Probate Order dated February 20, 2008, by an Order dated March 21, 2008 and by an Order dated April 3, 2008, true and correct copies of which are attached hereto as Exhibit A.  A true of correct copy of the Letters of Administration in favor of the Plaintiffs as Personal Representatives as of May 11, 2009 is also included within Exhibit A.

2.　　The Defendant is the United States of America.

3.　　This is a suit arising under Section 7422 of the Internal Revenue Code for the refund of taxes and interest erroneously and illegally assessed against and collected from the Estate. Alternatively, this is a suit arising under 31 U.S.C. Section 3702 for recovery of a Treasury check belonging to the Estate which the Internal Revenue Service (the "Service") sent to an improper

party.

4. Jurisdiction is conferred upon the Court by Title 28, Section 1491 of the United States Code.

## FACTS

5. Mrs. Barzin died on November 27, 2006. Mrs. Barzin was a citizen of the United States who lived in France and Switzerland at the time of her death and whose last U.S. residence was in the District of Columbia.

6. At the time of her death, Mrs. Barzin owned property in France, Switzerland and the United States. Since her death, disputes have arisen among her heirs and beneficiaries regarding the proper disposition of her assets.

7. Mrs. Barzin provided for the disposition of her U.S. assets pursuant to a Will dated July 26, 2004 (the "U.S. Will") and pursuant to the Eleanor Close Barzin Trust (the "Trust") formed pursuant to an agreement dated July 26, 2004, by and among Mrs. Barzin, as Settlor and Trustee, George R. Floyd, and Plaintiff Johnson as trustees (collectively, the "Trustees"). The Trust's employer identification number is REDACTED.

8. Mrs. Barzin provided for the disposition of her assets in France and Switzerland pursuant to a separate will dated November 20, 2001, a French Codicil dated January 11, 2005, and a second Codicil dated January 25, 2005 (collectively, the "European Will"). Antal Post De Bekessy ("Mr. De Bekessy") is responsible under foreign law for the collection and distribution of Mrs. Barzin's assets pursuant to the European Will and is acting in that capacity under the supervision of *Notaire* Olivier Jamet, who resides in Paris, France ("*Notaire* Jamet").

9. On or about August 24, 2007, Plaintiffs and the Trustees filed a Form 4768 Application for Extension of Time To File Return and/or Pay U.S. Estate (and Generation-Skipping

Transfer) Taxes, and the Trustees contemporaneously made tax payments totaling $17,500,000 to the Service. The extension request and explanatory correspondence identified Plaintiff Curtin as the "executor" and provided a District of Columbia address for the Estate. A true and correct copy of Plaintiffs' Form 4768 and the checks evidencing these payments is attached as Exhibit B.

10. On or about February 27, 2008, Plaintiff Curtin filed a Form 706 United States Estate (and Generation Skipping Transfer) Tax Return for the Estate, which reported an overpayment of $5,129,772 in tax (the "Personal Representatives' Form 706"). The Personal Representatives' Form 706 identified Plaintiff Curtin as the "executor", and provided the same District of Columbia address as did Plaintiffs' Form 4768. A true and correct copy of the relevant portions of the Personal Representatives' Form 706 is attached as Exhibit C.

11. To date, the Service has not refunded this overpayment to the Personal Representatives.

12. On or about February 19, 2008, Mr. De Bekessy filed an alternate Form 706 United States Estate (and Generation Skipping Transfer) Tax Return (the "Alternate Form 706"). The Alternate Form 706 reporting an overpayment of $10,383,013 in tax. The Alternate Form 706 identified Mr. De Bekessy as the "executor" and provided his address as the Paris, France address of *Notaire* Jamet. A true and correct copy of the relevant pages of the Alternate Form 706 is attached as Exhibit D.

13. At no time has Mr. De Bekessy made any known payment to the Service with respect to the tax liabilities of the Barzin Estate.

14. The Service issued a refund check in the amount of $10,383,013 based upon the Alternate Form 706 and sent such check directly to *Notaire* Jamet at the Paris, France address provided on the Alternate Form 706.

15. Plaintiffs have been unable to recover the proceeds of this check from either *Notaire*

Jamet or Mr. De Bekessy.

16.   The Service's issuance of a $10,383,013 tax refund to Mr. De Bekessy, in care of *Notaire* Jamet, was erroneous, as was the Service's failure to refund the $5,129,772 overpayment reported on Plaintiff Curtin's Form 706.

17.   By letter dated July 3, 2008, Plaintiff Curtin wrote to the Service explaining the facts and seeking correction of the Service's errors. A true and correct copy of that letter is attached as Exhibit E. The Service has advised Mr. Curtin by telephone that it will take no further action and will not respond in writing.

18.   More than six months have elapsed since the Personal Representatives filed the Personal Representatives' Form 706 and sent the letter of July 3, 2008.

19.   An audit of Mrs. Barzin's estate and generation skipping transfer tax return(s) is anticipated, but has yet to begin.

20.   Plaintiffs have fully paid all assessed estate and generation skipping transfer tax liabilities due by reason of Mrs. Barzin's death.

21.   Plaintiffs are the sole owner of this claim and have made no assignment of the claim.

COUNT I

22.   As grounds for recovery, Plaintiffs incorporate herein by reference the averments contained in paragraphs 1-20, *supra*.

23.   Plaintiffs have presented a claim to the Service, as required by 31 U.S.C. Section 3703(c), seeking reissuance of the check wrongly sent to Mr. De Bekessy in care of *Notaire* Jamet, and defendant has not issued the requested replacement check.

24.   Plaintiffs are entitled to reissuance of a check in the amount of $10,383,013, and the Service has erroneously failed to reissue such a check.

COUNT II

25. As grounds for recovery, Plaintiffs incorporate herein by reference the averments contained in paragraphs 1-23, *supra.*

26. Plaintiffs have presented the Service with a claim seeking a refund of $5,129,772 in tax, plus interest as provided by law, and the Service has illegally and erroneously failed to pay that claim.

27. Plaintiffs have overpaid the estate and generation skipping transfer tax liability due by reason of Mrs. Barzin's death and are entitled to recover from the Service the sum of $5,129,772 in tax, plus interest as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for (a) judgment against Defendant on Count One in the amount of $10,383,013, plus interest as provided by law; (b) judgment against Defendant on Count Two in the amount of $5,129,772 in tax, plus interest as provided by law; (c) attorneys fees, court costs, and other fees or costs recoverable under any provision of law; and (d) such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: May 27, 2009

s/ Stuart J. Bassin
STUART J. BASSIN, Bar No. 366669
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: 202.861.1500
Facsimile: 202.861.1783
Email: sbassin@bakerlaw.com

Attorneys for Plaintiffs
Michael F. Curtin and Vivien G. Johnson,
Personal Representatives of the Estate of
Eleanor Close Barzin, Deceased